CYRUS CHENERY *vs.* INHABITANTS OF HOLDEN.

The owner of sheep or lambs, suffering loss by reason of the worrying, maiming or kill-ing thereof by dogs, cannot maintain an action, either of contract or of tort, against the town in which they are kept, for the omission, neglect or refusal of the selectmen to draw an order in his favor upon the town treasurer for the amount of his loss, under *St.* 1859, *c.* 225, § 6, especially if he does not allege in his declaration that he produced to the selectmen sufficient proof of his loss to establish his right to such an order.

In a demurrer which goes to the whole ground of action, the cause is sufficiently stated by alleging " that the matters set out in the declaration are insufficient in law to enable the plaintiff to maintain his action."

ACTION OF CONTRACT or TORT, alleging both to be for one and the same cause of action, and containing a single count, aver-ring that on the 1st of July 1859 the plaintiff, being the owner of a flock of twenty sheep and lambs, kept in the town of Holden, suffered loss by reason of the worrying, maiming and killing his said sheep or lambs by dog or dogs, to the amount of fifty dollars ; and, within thirty days after such loss came to his knowledge, presented his claim for said loss to the board of se-lectmen of the town, with proof of said loss, and claimed that they should draw an order in his favor upon the treasurer of the town ; but they refused and neglected to draw such an order, as by law they were obliged to do ; that the plaintiff, during the year 1859, and previously to the loss of his said sheep, was the owner of a dog, and had paid into the treasury of the town the sum of one dollar for the license of his dog, according to law ; that by the refusal and neglect of the select-men to draw such an order, he was deprived of presenting the same to said treasurer, and had not been paid for his loss or damage ; that the gross amount received by the town of Holden, under the provisions of the *St.* of 1859, *c.* 225, up to the 1st of January 1860, after deducting all sums previously paid out under the provisions of that act, was sufficient to pay the loss claimed by the plaintiff; and the defendants had neg-lected to pay said loss or damage, or any part thereof; whereby, and by reason of the provisions of said act and the law in that behalf provided, the defendants owed the plaintiff the amount of fifty dollars, for five sheep and lambs killed, and for the

worrying and maiming of other sheep and lambs belonging to him, on the days and times aforesaid.

The defendants demurred to the declaration, " and for cause thereof say that the matters therein contained, in manner and form as therein stated and set forth, are not sufficient in law for the said plaintiff to maintain his aforesaid action against the defendants." The superior court sustained the demurrer, and the plaintiff appealed.

*W. S. Davis,* for the defendants.

*E. B. Stoddard,* for the plaintiff.

BIGELOW, C. J. The declaration sets out no facts on which this action can be maintained, either in tort or contract.

No liability is created by *St.* 1859, *c.* 225, on the part of towns, for the omission, neglect or refusal of the selectmen to perform the duties imposed on them by the provisions of that act; and none exists at common law. *Mower* v. *Leicester,* 9 Mass. 247. Besides, the declaration does not allege any breach of duty by the selectmen. There is no averment that the proof of loss or damage sustained by the plaintiff was adequate or sufficient to establish his right to an order on the treasurer. For aught that appears, the plaintiff may have failed in offering sufficient evidence to satisfy the selectmen that he had sustained any loss or damage by reason of the destruction of his sheep in the manner specified in the statute. But if he had offered such proof, it is very questionable whether any action would lie in his favor for a failure by the selectmen to draw an order on the treasurer. The power to determine on the sufficiency of the proof of loss or damage seems by the terms of the statute to be conferred exclusively on the selectmen. This power is in its nature judicial, because it vests in the selectmen a discretion to determine that the facts are proved, on which their official action is to be based. It was therefore within the scope of their jurisdiction to decide whether the plaintiff had established his claim by proof, and no action can be maintained against them or the town for the manner in which they exercised the discretion vested in them, although they may have erred in the conclusion to which they arrived. *Ela* v. *Smith,* 5 Gray, 121.

It is hardly necessary to add, that there is nothing averred in the declaration on which an action of contract can be maintained. The statute creates no debt against the town, and no facts are stated from which an express or implied promise can be inferred.

An objection was taken to the form of the demurrer, because it does not set out the specific grounds on which the defendants rely to defeat the action. But we think it is sufficient in cases like the present, where the demurrer goes to the entire ground of action as stated in the declaration, and not to any specific defect or cause of demurrer, for the defendant to aver that the matters set out in the declaration are insufficient in law to enable the plaintiff to maintain his action.

*Demurrer sustained; judgment for the defendants.*